# JacksonLewis

**Jackson Lewis P.C.**

666 Third Avenue

New York NY 10017-4030

(212) 545-4000

(212) 972-3213 Fax

February 6, 2026

**VIA ECF**

For the reasons stated herein, the Court grants Plaintiff's request.

The Honorable Jennifer H. Rearden
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 12B
New York, NY 10007

The Clerk of Court is directed to terminate ECF No. 16.

SO ORDERED.

*Jennifer H. Rearden*

Jennifer H. Rearden, U.S.D.J.

Dated: April 1, 2026

Re:    **Barnard College v. United Auto Workers, Local 2110**
       **Case No. 25-cv-09438 (JHR)**

Dear Judge Rearden:

We are counsel for Barnard College ("Plaintiff") in connection with the above-referenced matter. Pursuant to Section 9 of the Court's Individual Rules of Practice, Standing Order 19-MC-583, and Section 6 of the Southern District of New York Electronic Case Filing Rules & Instructions, Plaintiff seeks leave to file redacted documents in connection with its forthcoming Motion for Summary Judgment in Support of its Petition to Vacate Arbitration Award ("Petition").

Plaintiff's Petition seeks this Court's review of a labor arbitration award pursuant to Section 301 of the Labor Management Relations Act. During the underlying arbitration hearing, Plaintiff introduced into evidence redacted records stemming from its Title IX investigation into the Grievant's actions. To protect the privacy of the original Student Complainant and others who participated in the Title IX investigation, who are not parties to this action, Plaintiff respectfully requests that their names be redacted from documents that will be used to support its Motion for Summary Judgment. As explained below, the concealment of the Student Complainant's name, and others who participate in the Title IX investigation, will not impact the judicial process and is consistent with the public policy of encouraging victims of sexual harassment to come forward.

In Lugosch v. Pryamid Co. of Onondaga, the United States Court of Appeals for the Second Circuit espoused a three-step approach for determining whether documents are appropriately placed under seal. Lugosch, 435 F.3d 110,119-20 (2d Cir. 2006). First, the Court must determine whether the documents in question are "judicial documents" to which the public's right to access is attached. Id. at 119. Judicial documents are those "'relevant to the performance of the judicial function and useful in the judicial process.'" Id. (citations omitted). Next, assuming the documents are "judicial documents," the Court must assess the weight of the presumption of public access, which is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Id. Finally, after determining the weight of the presumption of access, the court must "balance competing

**JacksonLewis**

considerations against it" including "the privacy interests of those resisting disclosure." Id. at 120.

There are several references to the Student Complainant in documents Plaintiff intends to use in support of its forthcoming Motion for Summary Judgment. The privacy issues identified above apply with equal force to this category of documents. As such, Plaintiff requests to redact references to the Student Complainant in this judicial proceeding. Redacted versions of those documents that identify the Student Complainant are attached hereto as Exhibit A. The redactions appear on pages marked **BARNARD 000001, 000056, 000059, 000060, 000101.** Unredacted versions of those documents that identify the Student Complainant are simultaneously being filed under seal. The unredacted portions of these documents that Plaintiff seeks redactions of are highlighted in green.

As noted above, Plaintiff also redacted certain records before they were introduced into the record before the Arbitrator to preserve the integrity of its Title IX investigation and the privacy interests of cooperating student witnesses. In order to protect the identities of cooperating witnesses from becoming public, Plaintiff requests to maintain the redactions in this judicial proceeding. Redacted versions of those documents that were already redacted at the time they were introduced at the arbitration hearing are attached hereto as Exhibit A. The redactions appear on pages marked **BARNARD 000018, 000023-000027, 000063, 000065, 000067-000069, 000071, 000073, 000075-000077, 000079, 000081- 000082, 000097, 000099-000101, 000106-000108, 000111**.

The information Plaintiff seeks to redact is not the type of information that, if concealed, will impact the judicial process, or deprive the public of needed information. See Lugosch. Rather, Plaintiff is seeking to ensure that individuals participate in Title IX investigations without fear of reprisal. Accordingly, Plaintiff respectfully requests permission to file the redacted documents referenced in Exhibit A.

Plaintiff has conferred with Defendant concerning this request. Defendant does not oppose Plaintiff's request.

We thank the Court for its consideration.

Respectfully submitted,

JACKSON LEWIS P.C.

*/s Daniel D. Schudroff*
Daniel D. Schudroff
Delonie A. Plummer

cc:    Allyson Belovin, Esq. (via ECF)